## VOL. 51, JANUARY TERM, 1906. 183

Etoniah Canal & Drain. Co. v. Husband et al.—Syllabus.

THE ETONIAH CANAL & DRAINAGE COMPANY, A CORPORA-
TION UNDER THE LAWS OF THE STATE OF FLORIDA, PLAIN-
TIFF IN ERROR, v. O. C. HUSBAND AND O. G. HUSBAND,
COPARTNERS UNDER THE FIRM NAME OF HUSBAND BROTH-
ERS, DEFENDANTS IN ERROR.

1. Where L. & Son, partners, had contracted with E. C. & D.
   Company, a corporation, to furnish a dredge boat and do
   certain dredging and canal work, to be paid for by the
   corporation by the square yard, in which contract the
   dredge was pledged to the E. C. & D. Company to secure
   the faithful execution of the work, and there are no other
   circumstances showing that E. C. & D. Company became
   liable for the debts of L. & Son, neither the fact that the
   company kept agents on the dredge to look after its in-
   terests, nor that it paid claims against the dredge to
   prevent its being stopped from work by legal process, and
   to prevent liens on its works renders the company liable
   to a firm of merchants for goods sold by them on a credit
   to L. & Son while the latter were working the dredge
   under the contract.

2. The law applicable to this case is settled in the case of Day-
   tona Bridge Company v. Bond, 47 Fla. 136, 36 South. Rep.
   445.

This case was decided by Division B.

Writ of Error to the Circuit Court for Putnam County.

The facts in the case are stated in the opinion of the
Court.

S. J. Hilburn, for Plaintiff in Error.

No appearance for Defendants in Error.

HOCKER, J. The defendants in error, hereinafter called the plaintiffs, brought an action of assumpsit in the Circuit Court of Putnam county against the plaintiff in error, hereinafter called the defendant, and on the 14th of October, 1905, obtained a judgment against it for $166.90 and interest and costs, from which a writ of error was taken by the defendant to this court.

The declaration contains five counts: 1st. For money payable for goods, wares, &c.

2nd.   For work done and material furnished, &c.

3rd.   For money paid by the plaintiffs, &c.

4th.   For money received, &c.

5th.   For money found to be due, &c., and claimed $500 damages. The defendant pleaded never indebted, and non-assumpsit. Issue was joined and trial had at the October term, 1905, resulting in a verdict for the plaintiffs, and the judgment aforesaid.

A motion for a new trial was made containing the following grounds: "1. Because the verdict of the jury is contrary to the law.

2.   Because the verdict of the jury is contrary to the evidence.

3.   Because there is no evidence to support the verdict.

4.   Because the court erred in giving the charges or instructions to the jury, as prepared and requested by plaintiffs' attorneys.

5.   Because the court erred in charging the jury as set forth in the first charge, as prepared and requested by the plaintiffs' attorneys.

6.   Because the court erred in giving to the jury the second charge as prepared and requested by plaintiffs' attorneys.

7. Because the court erred in giving to the jury the third charge as prepared and requested by plaintiffs' attorneys.

8. Because the court erred in giving to the jury the ninth charge as prepared and requested by the plaintiffs' attorneys.

9. Because the court erred in giving to the jury the eleventh charge as prepared and requested by plaintiffs' attorneys.

10. For other errors appearing in the trial of the case, to which attention will be called."

This motion was denied, to which ruling the defendant excepted, and was allowed sixty days to settle a bill of exceptions.

The assignments of error are as follows: "1. The court erred in charging or instructing the jury as requested by the plaintiffs' atttorneys.

2. The court erred in giving instructions or charges to the jury No. 1, as requested by plaintiffs' attorneys.

3. Said Circuit Court erred in giving to the jury charge No. 2, as requested by the plaintiffs' attorneys.

4. The said Circuit Court erred in giving instructions or charges to the jury No. 9, as prepared and requested by the plaintiffs' attorneys.

5. The said Circuit Court erred in giving instructions or charges to the jury No. 11, as prepared and requested by the plaintiffs' attorneys.

6. The said Circuit Court erred in charging the jury as follows: (1) 'The court charges you that if you find from the evidence in this case that plaintiffs, Messrs. Husband Brothers, sold certain goods, wares and merchandise to D. D. Lehman, believing him to be the legal agent or representative of defendant, The Etoniah Canal & Drainage Company, and upon the strength and credit

of said company, and that said Lehman represented to plaintiffs that he would pay them as money was furnished to him by said company, with which to pay, and that said company, or its legal representatives, stood by silently with knowledge of such facts, and by its assent held out said Lehman as its lawful representative, in the performance of its work, and that plaintiffs furnished said goods, from which defendant company received and derived the use, benefit and profit thereof, knowing that said goods would not be or had not been paid for, then and in that case, the court instructs you that the defendant company would be legally estopped from denying its liability to plaintiffs and the law would imply a legal responsibility on the part of the defendant to pay plaintiffs, and if you find such to be the facts in the case, it would be your duty to find for the plaintiff and assess his damages accordingly.' To the giving of which charge, the said defendant, The Etoniah Canal & Drainage Company, by its attorneys, then and there excepted.

7. The said Circuit Court erred in charging the jury as follows: (2) 'The court charges you, as the law, that an express contract is one entered into by and between the parties, the terms whereof is formally agreed and assented to, in express terms by the parties themselves. An implied contract is one where from all the facts and circumstances surrounding the parties to a given business transaction, the law would imply and enforce a legal and binding responsibility upon the parties, to discharge and perform such duties as they would be called upon and required by law to perform had the same state of facts been expressly agreed upon by the parties thereto. And the law will imply of a person to do or perform a duty which from the facts and circumstances of a transaction, he is legally bound or required to do.' To the giving of

which charge, the defendant, The Etoniah Canal & Drain-age Company, by its attorneys, then and there excepted.

8. The said Circuit Court erred in charging the jury as follows: (9) 'The court instructs you that it is not necessary for the plaintiff to prove an express promise on the part of defendant to pay. If you find that plaintiffs sold certain goods, wares and merchandise, received in behalf of the defendant with the knowledge and consent of defendant, and from which it derived the use, benefit and profit, and which goods have not been paid for, and if you are further satisfied, all the surrounding circumstances considered, that there was implied on the part of the defendant a legal responsibility or liability to pay for such goods; then in that event, you should find for the plaintiff and assess his damages accordingly.' To the giving of which charge, the said defendant, The Etoniah Canal & Drainage Company, by its attorney, then and there excepted.

9. The said court erred in charging the jury as follows: (11) 'If you find from the evidence in this case that the account in question was stated and rendered by plaintiffs to the defendant or its lawful representative, and that the previous dealings between the parties would imply an obligation on the part of the defendant to pay said account and that said defendant did not within a reasonable time thereafter, deny or disput said account, the court charges you that this would imply a legal promise or contract on his part to pay same, and if you so find, it would be your duty to render a verdict in the behalf of the plaintiff and assess his damages accordingly.' To the giving of which charge said defendant, The Etoniah Canal & Dranage Company, by its attorney, then and there excepted.

188    SUPREME COURT OF FLORIDA.

Etoniah Canal & Drain. Co. v. Husband et al.—Opinion of Court.

10. The said Circuit Court erred in overruling the motion of said defendant, The Etoniah Canal & Drainage Company, for a new trial in said cause.

11. Said Circuit Court erred in not granting the motion of defendant, The Etoniah Canal & Drainage Company, to set aside the verdict of the jury and grant the defendant a new trial.

12. Said court erred in entering judgment, which was entered in said cause against the defendant, The Etoniah Canal & Drainage Company."

The main facts briefly stated are that The Etoniah Canal & Drainage Company contracted with D. D. Lehman & Son to do dredging work with the view of rendering available certain prarie lands. in Putnam county agreeing to pay for the work by the square yard. During the progress of the work Lehman & Son bought supplies and groceries of the plaintiffs from time to time and paid for them. Lehman & Son pledged the dredge they used to the Etoniah Canal & Drainage Company as a security for the performance of the contract. Lehman & Son owed one Houck $1000 on the dredge, and also owed a bank in Brookston, Indiana, which had a claim on the dredge for $3000. It seems that the Drainage Company knew nothing of these claims when the dredge was pledged to it by Lehman & Son. The bank and Houck threatened to seize the dredge, and the Drainage Company was compelled to pay their claims in order to keep the dredge at work. Lehman & Son having failed to comply with their contract, a new contract was entered into between the Drainage Company on the one part, and Houck and Lehman on the other, which gave Mouck authority to carry out the contract if Lehman failed to do so. In this contract the dredge was again pledged to the Etoniah Drainage Company for the

faithful performance of the contract. Sometime about April, 1900, Lehman having failed to comply with his contract, Houck took possession of the dredge. At that time the balance due from Lehman & Son to the plaintiffs for which this suit was brought, existed. We are unable to discover from the evidence the slightest testimony that The Etoniah Canal & Drainage Company ever became liable for the debt. The goods were bought by Lehman & Son, and the credit was given to them by the plaintiffs. All the previous purchases of goods from the plaintiffs by Lehman & Son had been paid for by the latter. D. D. Lehman expressly says that he bought these goods himself, and that no one authorized, ordered or directed him to buy them; that no one had any interest in the dredge boat except himself, only he owed some on the dredge; that he was paid for his work by the Drainage Company up to the time when a controversy arose between him and the Drainage Company about the work.

O. G. Husband testified that he ran a store account with D. D. Lehman from July, 1899, to the last of May, 1900; that it was paid regularly up to the first of each month up to April 1st, 1900, and the account sued for is the April and May account, 1900. He says he presented this account to the defendant, but does not say when he presented it, or that the defendant ever admitted its liability, nor does he testify to any circumstance showing liability on the part of The Etoniah Canal & Drainage Company. The mere fact that the Drainage Company kept agents on the dredge to see that the work was done according to contract does not show that it was liable for the debts of Lehman. Good business principles required this. The fact that they paid claims against the dredge, in order to prevent litigation and delay, does not

14 S. C.

show that they were responsible generally for all of Lehman's debts. We do not care to swell this opinion by giving all the details of the testimony, but content ourselves with saying we have given it all careful consideration and can find therein no substantial facts which authorized the charges given at the request of the plaintiffs, or the verdict of the jury. The law applicable to this case is settled by this court in the case of Daytona Bridge Co. v. Bond, 47 Fla. 136, 36 South. Rep. 445.

The judgment is reversed at the cost of the defendant in error.

TAYLOR and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.